22-734

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## THURGOOD MARSHALL U.S. COURTHOUSE

### JACOB KELLNER

Plaintiff-Appellant

-v-

### AMAZON AND AMAZON
### OFFICERS, DIRECTORS AND SHAREHOLDERS

Defendant-Appellee

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

---

### BRIEF

### OF JACOB KELLNER PLAINTIFF-APPELLANT

---

**JACOB KELLNER**
**APPELLANT pro se'**
**1303 Rio Grande Drive**
**Toms River, NJ 08755**
**Tel. # 347-993-7496**

## DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Civil Procedure, Jacob Kellner, Plaintiff-Appellant pro se' hereby certifies he is an individual and no publicly held corporation, and owns any stock in his interest.

JACOB KELLNER
PLAINTIFF-APPELLANT pro se'
1303 Rio Grande Drive
Toms River, NJ 08755
Tel.# 347-993-7496

i

22-734

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . .  1.

JURISDICTIONAL STATEMENT . . . . . . . . . . . . .  1.

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . .  2, 3.

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . .  3, 4.

SUMMARY OF ARGUMENT PETITIONER OBJECTIONS
TO MAGISTRATE REPORT & RECOMMENDATIONS . . . . . . .  4, 5.

MAGISTRATE REPORT & RECOMMENDATIONS ARE
CONTRARY TO BLACK LETTER LAW AND MUST BE
REJECTED BY THE COURT . . . . . . . . . . . . . . . . . . . . . . .  5.

PARTIES HAVE NO AUTHORITY TO WAIVE JURISDICTION
AND JURISDICTION SIMPLY CANNOT BE WAIVED
UNDER ANY CIRCUMSTANCES  . . . . . . . . . . . . . . . . . . . . .  5, 6, 7, 8, 9.

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10.

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10.

ii

# TABLE OF AUTHORITIES

<u>Cases:</u>

***Basso v. Utah Power & Light Co.*** *495 2nd 906 at 910.* . . . . .    **7 .**

***Rhode Island v. Massachusetts,*** *37 U.S. (12 Pet) 657, 718 (1838).* **5, 6 .**

***Maplewood Bank & Trust Co. v. Acorn, Inc***. *207 NJ Super.*
*590, 504 A.2d 819, 504.*    . . . . . . . . . . . . . . . . . . **7, 8 .**

<u>Statutes:</u>

**Sherman Act of 1890/Title 15 USC Section 1-7.** . . . . . . . . .    **1,4, 5, 6.**

**Rico Title 18 USC Section 1961/2 (3) (4).** . . . . . . . . . . . .    **1, 7, 8, 9.**

**Pursuant to 28 U.S.C. Section 1331** . . . . . . . . .    **1.**

**iii**

## APPENDIX A

**TABLE OF EXHIBITS**

**EXHIBIT**                                                    **PAGES**

**A.** COPY OF DISTICT COURT ORDER APPEALED FROM
MEMORANDUM DECISION AND ORDER
MARCH 29, 2022. (6 pages ) . . . . . . . . . . . . . . . . . . . . . . .    **pa 1 -pa 6**

**B.** SELLERS AGREEMENT THE CONTRACT ( 33 Pages ) . .    **pa 7-pa 39**


**C.** REPORT & RECOMMENDATION
FILED MARCH 01, 2022. (14 pages ) . . . . . . . . . . . . . . .    **pa 40 - pa 53**

**D.** OBJECTION TO MAGISTRATE REPORT &
RECOMMENDATIONS DATED MARCH 1, 2022. (8 pages) **pa 54 -pa 61**

**E.** PLAINTIFFS KELLNERS ARBITRATION BRIEF DATED
AUGUST 03, 2020. (28 PAGES) INCLUDING PLAINTIFFS
KELLNERS SUPPORTING EXHIBITS OF DAMAGES AND
SUPPORTING DOCUMENTS  (91 pages ) . . . . . . . . . . . .    **pa 62 - pa 188**

**F.** ARBITRATOR'S  FINAL AWARD PUBLISHED AND
ENTERED ORDER DECEMBER 1, 2020. ( 8 pages ) . . . . .  **pa 189 –pa196**

**G.** PLAINTIFFS NOTICE TO DEFENDANT/AMAZON TO
PRODUCE  DOCUMENTS AND FIRST SET OF
INTERROGATORIES DATED FEBRUARY 24, 2020.
PURSUANT TO FEDERAL RULES  OF DISCOVERY)
(6 pages). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **pa 197 – pa 202**

**H.** APPELLANTS/KELLNERS
DOCUMENTED DAMAGES-LOSSES . . . . . . . . . . . . . . . .**pa 203 -  pa205**

**I.** APPELLANTS/KELLNERS
DOCUMENTED DAMAGES-LOSSES  . . . . . . . . . . . . . . .  **pa 206 – pa 208**

                                                            **iv**

## **PRELIMINARY STATEMENT**

On appeal is a case which arises from an arbitration proceedings and lower court denying relief sought by petitioner-appellant to wit vacating the arbitrators award based upon lack of subject matter jurisdiction over the question presented, as it is under the exclusive jurisdiction of the District Court, and Respondents failure to produce any discovery during arbitration proceedings depriving the plaintiff-appellant of a fair opportunity to be heard consistent with due process.

## **JURISDICTIONAL STATEMENT**

The District Court had exclusive Jurisdiction of the Case that is Docketed on Appeal as Docket # 22-734 Kellner v. Amazon, Pursuant to 28 U.S.C. Section 1331, Federal Question and Exclusive Jurisdiction of the District Court over claims made involving the Federal Anti-Trust Laws.

That the matter was wrongfully referred to and determined by an arbitrator who had no jurisdiction whatsoever to hear or decide federal questions, exclusive to the United States District Court on claim violations of the Federal Anti-Trust law ' Sherman Act' and the 'Arbitration Award ' must be vacated and set aside on Appeal, and remanded back to the United States District Court for the Eastern District of New York for further proceedings, including rehearing on ' Appellants Claim ' that Appellee-defendants ' failure ' to produce discoverable documents was prejudicial to the Appellant-plaintiff mandating vacatur and remand.

1

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

### ONE

**DOES FEDERAL DISTRICT COURT HAVE EXCLUSIVE JURISDICTION OVER ACTION ARISING UNDER FEDERAL ANTI-TRUST LAWS?**

**APPELLANT ANSWERS YES!**

### TWO

**DID ARBITRATOR ACT WITH NO JURISDICTION WHATSOEVER IN ENTERING ARBITRATION AWARD ON CLAIMED VIOLATIONS OF FEDERAL ANTI-TRUST LAWS?**

**APPELLANT ANSWERS YES!**

### THREE

**DID APPELLEE WRONGFULLY DENY PROVIDING APPELLANT FULL DISCOVERY AS DEMANDED DURING ARBITRATION PROCEEDINGS, DEPRIVING THE APPELLANT OF A FULL, FAIR, ARBITRATION PROCEEDING CONSISTENT WITH DUE PROCESS, MANDATING VACATURE OF ARBITRATION AWARD?**

**APPELLANT ANSWERS YES!**

2

## FOUR

## HAS APPELLANT SUFFERED SIGNIFIGANT DAMAGES AND WILL CONTINUE TO SUFFER FINANCIAL DAMAGES?

### APPELLANT ANSWERS YES!

## FIVE

## MUST ARBITRATION AWARD BE VACATED AND SET ASIDE WITH MATTER REFERRED TO THE FEDERAL DISTRICT COURT FOR FURTHER PROCEEDINGS?

### APPELLANT ANSWERS YES!

## <u>STATEMENT OF THE CASE</u>

This appeal arises out of a ' contractual relationship ' between the parties, ' Appellant/Appellee '  which commenced in 2009 when Appellant was granted a  ' Seller Agreement ' by Appellee to sell Appellant product line on Amazon Internet Platform.

That the relationship continued for approximately 9 years, when Appellee 'Amazon' terminated Appellant ' terminated seller platform ', without notice as mandated under the ' Seller Agreement ' the contract . (See: Exhibit B  /also see Exhibit H and  I).

That upon arbitrary and capricious termination of Seller Platform' by the

3

Appellee 'Amazon'. Appellant Kellner filed a suit in the United States District Court for the Eastern District of New York, challenging violations of the Federal Anti -Trust Laws, and related ' Breach of Contract ', with all matters ultimately referred to arbitration.

That during arbitration proceedings the appellee 'Amazon ' failed to deliver or disclose documents requested by the Appellant, ' critical ' to proven Appellant claims. ( See: Exhibit G ) Plaintiffs/Appellants Notice to Defendant/Amazon Produce Documents and First Set of Interrogatories Dated February 24, 2020, and reads American Arbitration Association.

That upon Objection by the Appellant to the presiding arbitrator, the arbitrator acting with complicity stated " that they were not a Court or Judge and could not compel production of discoverable material " (See Exhibit A pa3) .

Additionally, the Arbitrator erred in the Arbitration Award in finding that Appellant did not violate the Federal Anti-Trust Laws, with Appellant learning that Arbitrator had ' no subject matter jurisdiction ' to hear or decide claims involving Federal Anti-Trust Laws, which are reserved by Act of the Congress of the United States as exclusive to the Federal District Court. (See Exhibit A).

The Arbitration Award must be vacated and on grounds as claimed and matter must be referred back to the United States District Court for the Eastern District of New York for further proceedings.

### SUMMARY OF ARGUMENT
### PETITIONER OBJECTIONS TO MAGISTRATE
### REPORT & RECOMMENDATIONS

Petitioner Jacob Kellner, by and through his attorney Vincent Spata, Esq.,

4

hereby files instant pleading in Objection to Magistrate Report & Recommendations Dated March 1st, 2022, ( See: Exhibit D also See Exhibit C ) and in support thereof states and alleges as follows.

## MAGISTRATE REPORT & RECOMMENDATIONS ARE CONTRARY TO BLACK LETTER LAW AND MUST BE REJECTED BY THE COURT

1.  That as petitioner argued in his petition for relief from Arbitrator's Award published and entered on December 1st, 2020, ( See: Exhibit F ) by the Hon. Carol I. Heckman, Arbitrator, subject matter jurisdiction charging violations of the federal ' anti-trust law ' ( Sherman Act of 1890/ Title 15 USC Sec's 1-7 ) are reserved **exclusively** to the Federal Court, as codified into law by the United States Congress. and  simply cannot be decided by an independent arbitrator, regardless of what the parties agreed and here's why.
also ( See: Exhibit D / E ).

## PARTIES HAVE NO AUTHORITY TO WAIVE JURISDICTION AND JURISDICTION SIMPLY CANNOT BE WAIVED UNDER ANY CIRCUMSTANCES

2.  It is **axiomatic and well settled** that jurisdiction can be raised at any time and even for the first time on appeal without ever being raised below.

3.  It is equally well settled that subject matter jurisdiction simply cannot be waived by the parties.

4. That our High Court (United States Supreme Court) held in *Rhode Island v. Massachusetts,* 37 U.S. (12 Pet) 657, 718 (1838),

> *" The Supreme court refers to jurisdiction as both " power "*
> *and " authority " as if there were no difference between*
> *the two: Jurisdiction is the power to hear and determine the*
> *subject matter in controversy between the parties to a suit, to*
>
> *adjudicate or exercise ant judicial power over them; the question*
> *is, whether on a case before the court, their action is judicial or*
> *extrajudicial; with or without the authority of law, to render*
> *a judgment or decree upon the rights of the litigant parties,*
> *if the law confers the power to render a judgment or decree,*
> *then court has jurisdiction "* ... .

5. It is well settled that jurisdiction and the merits of a case are separate matters. The Supreme Court has explained it in the following way Jurisdiction is power, in its absence the court can do nothing but dismiss the case. Without jurisdiction the court cannot proceed to judgment on the merits, if it does, the result is coram non judice-a nullit. Conversely, if the Court possesses jurisdiction. Its judgment on the merits will be binding even if the court has reached the wrong result by way of a seriously flawed process.

6. That in the instant controversy the arbitrator serves to substitute for the court without any authority to do so pursuant to an act of Congress codifying that the Federal Court has **exclusive jurisdiction** over the anti-trust laws ( Sherman/Clayton Acts ).

6

7. *Additionally,* it is well settled amongst the Nation's Highest Courts, including the United States Supreme court that " Jurisdiction can be challenged at any time even on final determination ".

8. That in <u>*Basso v. Utah Power & Light Co. 495 2nd 906 at 910.*</u>

*the High Court Held;*

" When Jurisdiction challenges the act of Federal or State Official as being illegal, that official cannot simply avoid liability based on the fact the he/she is a Public Official " … .

9. Furthermore, The Appellant/plaintiff has suffered and will continue to suffer a gravely financial loss due to the Appellee/Amazons actions, including an account payable of $178,741.85, see March 2020 Stipulation of Settlement to mitigate damages, which does not include court fees, legal fees, and cost, also see GMAG Group Amount Due and outstanding $487,518.46 which include purchase Order, invoices due, outstanding and growing, (See: Exhibit H.) Credit Card products purchased for Amazon inventory) and (See Exhibit I. ) GMAG Group amount due and outstanding $487,518.46., and it does not stop here. Due Process and Discovery is necessary to avoid a wrongful outcome to the Appellant/plaintiffs and Appellant/plaintiffs business daily operations.

10. <u>*Maplewood Bank & Trust Co. v. Acorn, Inc. 207 NJ Super. 590, 504 A.*</u> <u>*2d 819, 504*</u> … NJ: Superior Court, Law …, 1985 - Google Scholar … Legislators

7

must have known that courts have construed virtually identical language as giving Federal Courts exclusive jurisdiction over antitrust claims. It would be anomalous for this Court to hold that the jurisdictional grant in the RICO statute did anything other than create …

11.   The gravamen Maplewood brought a motion for summary judgment as to the entire counterclaim. However, in its brief and at oral argument, it pursued only the issue of the RICO claim, the sixth count of the counterclaim. Thus, I make no determination on the other five counts. Moreover, the questions of whether Acorn alleged the requisite distinction between the RICO " person " and " enterprise " under § 1961(3) and (4), or alleged the requisite RICO injury under § 1962 or pleaded the alleged fraudulent predicate acts with sufficient particularity, become moot in light of my determination. 18 U.S.C.A. § 1961(3) & (4), § 1962.

12.   Black letter law … In common law legal systems, **black letter laws** are  the **well-established legal rules** that are no longer subject to reasonable dispute in common law legal structures, blackletter laws are the well-established legal rules that are certain and no longer disputable. … Examples of blackletter law would here would be contracts, torts, and land law.  unmistakable implication What quickly emerges Federal courts generally have exclusive jurisdiction in cases involving  (1) the Constitution,  (2) violations of federal laws,  (3) controversies between states,  (4) disputes between parties from different states,  (5) suits by or against the federal government,  (6) foreign governments and treaties,  (7) admiralty and … and endeavor  Could it conceivably have been

8

intended pre-empted from regulating. The issue is a variant of a familiar theme.
It began with the multitude of activities regulated in determining the extent to
which state regulation must yield to subordinating federal authority, we have
State's jurisdiction is displaced only accentuates the danger of conflict.

## ARGUMENT

### LEGAL ARGUMENT #1

**DOES FEDERAL DISTRICT COURT HAVE EXCLUSIVE
JURISDICTION OVER ACTION ARISING UNDER FEDERAL
ANTI-TRUST LAWS ?**

**APPELLANT ANSWERS YES!**

As argued and set forth more fully above.

### LEGAL ARGUMENT #2

**DID ARBITRATOR ACT WITH NO JURISDICTION WHATSOEVER IN
ENTERING ARBITRATION AWARD ON CLAIMED VIOLATIONS OF
FEDERAL ANTI-TRUST LAWS?**

**APPELLANT ANSWERS YES!**

As argued and set forth more fully above.

### LEGAL ARGUMENT #3

**DID APPELLEE WRONGFULLY DENY PROVIDING APPELLANT FULL
DISCOVERY AS DEMANDED DURING ARBITRATION PROCEEDINGS,
DEPRIVING THE APPELLANT OF A FULL, FAIR, ARBITRATION
PROCEEDING CONSISTENT WITH DUE PROCESS, MANDATING
VACATURE OF ARBITRATION AWARD ?**

**APPELLANT ANSWERS YES!**

As argued and set forth more fully above.

## LEGAL ARGUMENT # 4

**HAS APPELLANT SUFFERED SIGNIFIGANT DAMAGES AND WILL CONTINUE TO SUFFER FINANCIAL DAMAGES ?**

**APPELLANT ANSWERS YES!**

As argued and set forth more fully above.

## LEGAL ARGUMENT #5

**MUST ARBITRATION AWARD BE VACATED AND SET ASIDE WITH MATTER REFERRED TO THE FEDERAL DISTRICT COURT FOR FURTHER PROCEEDINGS ?**

**APPELLANT ANSWERS YES!**

As argued and set forth more fully above.

## CONCLUSION

For the foregoing reasons, this Court should reverse/vacate the District Court's denial of Relief for Appellant/remand to District Court for further proceedings. Respectfully submitted Jacob Kellner Appellant/Plaintiff .

10

Respectfully Submitted,

_____
**JACOB KELLNER**
**APPELLANT/PLAINTIFF**

**1303 Rio Grande Drive**
**Toms River, NJ 08755**
**Tel.# 347-993-7496**


**JULY 18, 2022**

11

Kellner v. Amazon 22-734

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of [Second Circuit Local Rule

32.1(a)(4)/Federal Rule of Appellate Procedure 32(a)(7)] because this brief 2953

words/uses a monospaced typeface and contains excluding the parts of the brief

exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate

Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate

Procedure 32(a)(6) because this brief has been prepared in a:

[proportionally spaced typeface using MICRO SOFT WORD PROCESSING

SOFTWARE in 14-point TIME NEW ROMAN font.

**Respectfully Submitted,**

**JACOB KELLNER**
**APPELLANT/PLAINTIFF**
**1303 Rio Grande Drive**
**Toms River, NJ 08755**
**Tel.# 347-993-7496**

**JULY 18, 2022**

Kellner v. Amazon 22-734

## **CERTIFICATION OF SERVICE**

I Jacob Kellner, hereby certify under penalty of perjury that on July 19, 2022,

I served a copy of Appellant's Brief and Appendix A, by USPS Certified Mail

delivery on the following parties:

**GEOFFREY S. BROUNELL ESQ**
David Wright Tremaine LLP
1251AvenueoftheAmericas,21st Floor,
New York, NY 10020-1104

**MOHAMMED BASIM PATHAN ESQ.**
David Wright Tremaine LLP
1251AvenueoftheAmericas,21st Floor,
New York, NY 10020-1104

**Respectfully Submitted,**

**JACOB KELLNER**
**APPELLANT/PLAINTIFF**
**JULY 18, 2022**

ORIGIN ID:DYLA (800) 555-1212
CENTER
CUSTOMER
600 COLUMBIA AVE

SHIP DATE: 18JUL22
ACTWGT: 1.00 LB
CAD: 255056964/WSXI3600

MILLVILE, NJ 08332
UNITED STATES US

BILL SENDER

TO **MOHAMMED BASIM PATHAN ESQ**
**DAVIS WRIGHT TREMAINE LLP**
**1251 AVENUE OF THE AMERICAS 21ST**
**21ST FLOOR**
**NEW YORK NY 10020**
(800) 555-1212           REF: DC # 22 734 RE JACOB KELLNER/AMAZON
INV:
PO:                      DEPT:

**FedEx**
Express

**E**

TUE - 19 JUL 4:30P
STANDARD OVERNIGHT

TRK# **2756 9902 6462**
0201                                   DSR

**E3 QNYA**                  **10020**
                 NY-US    **EWR**

ShipRush

Proof Of Service to
Mohammed Basim Pathan ESQ
via Fedex #27599026462



ORIGIN ID:DYLA (800) 555-1212
CENTER
CUSTOMER
600 COLUMBIA AVE

MILLVILE, NJ 08332
UNITED STATES US

SHIP DATE: 18JUL22
ACTWGT: 1.00 LB
CAD: 255056964/WSXI3600

BILL SENDER

TO **GEOFFREY S. BROUNELL ESQ**
**DAVIS WRIGHT TREMAINE LLP**
**1251 AVENUE OF THE AMERICAS 21ST**
**21ST FLOOR**
**NEW YORK NY 10020**
(800) 555-1212          REF: APPEAL 22-734 JACOB KELLNER/AMAZON
INV:
PO: RE JACOB KELLNER/AMAZON          DEPT:

**FedEx** Express

**E**

**TUE - 19 JUL 4:30P**

TRK# **2756 9863 5206**
0201

**STANDARD OVERNIGHT**

DSR

**10020**

**E3 QNYA**          NY-US          **EWR**

ShipRush

Proof Of Service to
Geoffery S Brounell ESQ
via Fedex #275698635206



ORIGIN ID:DYLA (800) 555-1212
CENTER
CUSTOMER
600 COLUMBIA AVE

MILLVILE, NJ 08332
UNITED STATES US

SHIP DATE: 18JUL22
ACTWGT: 1.00 LB
CAD: 255056964/WSXI3600

BILL SENDER

TO **FOR THE SECOND CIRC**
**UNITED STATES COURT OF APPEALS**
**40 FOLEY SQUARE**

**NEW YORK NY 10007**
(212) 857-8500        REF: NEW YORK APPEAL
INV:
PO: 22-732 JAOCB KELLNER V AMAZON        DEPT:

**FedEx**
Express

TUE - 19 JUL 4:30P
STANDARD OVERNIGHT

TRK# 2756 9917 3574
0201

E3 PCTA        10007
        NY-US EWR

ShipRush