# 22-734

## IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

———◆◆———

JACOB KELLNER,

*Plaintiff-Appellant,*

—against—

AMAZON, AMAZON OFFICERS, DIRECTORS AND SHAREHOLDERS,

*Defendants-Appellees.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

GEOFFREY S. BROUNELL
MOHAMMAD B. PATHAN
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendants-Appellees*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Respondent-Appellee[1] Amazon.com Services LLC ("Amazon"), incorrectly sued as "Amazon, Amazon Officers, Directors, Shareholders"[2] states that Amazon.com Services LLC is a wholly owned indirect subsidiary of Amazon.com, Inc., which is a publicly held company. Amazon.com, Inc., has no parent company, and no publicly held corporation owns 10% or more of its stock.

---

[1] As Amazon noted in its April 12, 2022, Acknowledgement and Notice of Appearance, the correct designation for Amazon is "Respondent-Appellee," not "Defendants-Appellees."

[2] As Amazon noted before the District Court, Mr. Kellner has incorrectly sued Amazon as "Amazon, Amazon Officers, Directors, Shareholders." The correct Respondent-Appellee is Amazon.com Services LLC, the successor to Amazon Services LLC, which is the entity Mr. Kellner did business with and contracted with in the United States.

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ......................................... i

PRELIMINARY STATEMENT .................................................1

JURISDICTIONAL STATEMENT ..............................................4

COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW.................5

COUNTER-STATEMENT OF THE CASE ....................................5

COUNTER-STATEMENT OF FACTS....................................11

    A.    Amazon's Termination of Mr. Kellner's Seller Accounts.................11

    B.    The Underlying Arbitration.................................12

        1.    Arbitration Demand ..............................12

        2.    Exchange of Information and Briefing ...................13

        3.    Arbitration Award ................................15

    C.    Additional Lawsuits Filed by Mr. Kellner .........................17

        1.    Duplicative EDNY Lawsuit......................17

        2.    Duplicative DNJ Lawsuit.........................18

SUMMARY OF ARGUMENT ................................19

STANDARD OF REVIEW ...............................21

ARGUMENT .....................................22

I.    MR. KELLNER'S ARGUMENTS ON APPEAL FAIL AS A
MATTER OF LAW......................................22

    A.    The Arbitrator's Decision Not to Compel Further Discovery
Does Not Warrant Vacatur Under Sections 10(a)(2) or 10(a)(3) .......23

B.     The Arbitrator's Resolution of Mr. Kellner's Antitrust Claims Does Not Merit Vacatur Under Section 10(a)(4) .................................29

C.     That Mr. Kellner "Suffered Damages and Will Continue to Suffer Financial Damages" is Not a Basis for Vacatur Under the FAA .....................................................................................................30

II.    THE REMAINING PORTIONS OF THE DISTRICT COURT'S JUDGMENT SHOULD BE SUMMARILY AFFIRMED ...........................31

A.     The District Court's Order Finding that the Arbitration Award was Not Issued in Manifest Disregard of the Law Should be Affirmed ............................................................................................32

B.     The Denial of Mr. Kellner's Petition to Modify or Correct the Arbitration Award Should be Affirmed .............................................34

III.   THE DISTRICT COURT'S CONFIRMATION OF THE ARBITRATION AWARD SHOULD BE AFFIRMED ...............................36

CONCLUSION ........................................................................................................37

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson Grp., LLC v. City of Saratoga Springs*,
805 F.3d 34 (2d Cir. 2015) ...................................................................30

*Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW*,
500 F.2d 921 (2d Cir. 1974) ...........................................................26, 27

*Bisnoff v. King*,
154 F. Supp. 2d 630 (S.D.N.Y. 2001) .................................................27

*Chevron v. Donziger*,
990 F.3d 191 (2d Cir. 2021) ...............................................................31

*Companhia De Navegacao Maritima Netumar v. Armada Parcel Serv.*,
No. 96 Civ. 6441 (PKL), 1997 WL 16663 (S.D.N.Y. Jan. 17, 1997) ...............35

*CompuCredit Corp. v. Greenwood*,
565 U.S. 95 (2012).................................................................................29

*Dalla-Longa v. Magnetar Cap. LLC*,
33 F.4th 693 (2d Cir. 2022) ...............................................................21

*Dubois v. Macy's Retail Holds., Inc.*,
No. 11 Civ. 4904 (NGG) (LB), 2012 WL 4060739 (E.D.N.Y. Aug. 17, 2012), aff'g 533 Fed. Appx. 40 (2d Cir. 2013) .......................................25, 26

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) ...............................................................21

*Ecoline, Inc. v. Local Union No. 12 of Intern. Ass'n of Heat & Frost Insulators & Asbestos Workers, AFL-CIO*,
271 F. App'x 70 (2d Cir. 2008) .....................................................24, 25

*El Navigators, Inc. v. Cargill, Inc.*,
218 F. Supp. 232 (S.D.N.Y. 1963) ......................................................35

iv

*GFI Sec. LLC v. Labandeira*,
    No. 01 CIV. 00793 (JFK), 2002 WL 460059 (S.D.N.Y. Mar. 26, 2002) ...................................................................................28

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991)..........................................................................29

*Hall St. Assocs. L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)........................................................................36

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
    58 F. Supp. 3d 1166 (W.D. Wash. 2014), *aff'd.* 691 F. App'x 406 (9th Cir. 2017)...............................................................................33

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
    146 F.3d 66 (2d Cir. 1998) .............................................................18

*Jackson v. Home Team Pest Def.*,
    No. 6:13-cv-916-Orl-22TBS, 2013 WL 6051391 (M.D. Fla. Nov. 15, 2013) ................................................................................29, 30

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
    387 F.3d 163 (2d Cir. 2004) ...........................................................29

*Katz v. Cellco P'ship*,
    No. 12 CV 9193 (VB), 2018 WL 1891145 (S.D.N.Y. April 17, 2018), aff'g 756 Fed. Appx. 103 (2d Cir. 2019) ................................28

*Kellner v. Amazon* (*"Kellner I"*),
    No. 19 Civ. 131 (BMC) ...............................................................5,6

*Kellner v. Amazon* (*"Kellner II"*),
    No. 20cv6322........................................................................8, 9, 10

*Kellner v. Amazon.com* (*"Kellner III"*),
    No. 21 Civ. 395 (NGG) (VMS), ECF No. 3..............................17, 18

*Kellner v. Amazon* (*"Kellner IV"*),
    No. 22-cv-1124-GC-DEA (D.N.J. Mar. 1, 2022), ECF No. 1 ..........18

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
    729 F.3d 99 (2d Cir. 2013) .............................................................24

*LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*,
    725 F.3d 184 (2d Cir. 2013) ...............................................................28

*Madison 92nd Street Assocs., LLC v. Courtyard Mgm't Corp.*,
    624 F. App'x 23 (2d Cir. 2015) ..........................................................32

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985)...........................................................................29

*Moorning-Brown v. Bear, Stearns & Co., Inc.*,
    No. 99 CV 4130 (GBD), 2005 WL 22851 (S.D.N.Y. Jan. 5, 2005) .................26

*Morelite Const. Corp. v. New York City Dist. Council*
    *Carpenters Ben. Funds*,
    748 F.2d 79 (2d Cir. 1984) ................................................................24

*N.Y. by James v. Amazon.com, Inc.*,
    550 F. Supp. 3d 122 (S.D.N.Y. 2021) ..................................................4

*Nat'l Football League Mgm't Council v. Nat'l Football League*
    *Players Ass'n*,
    820 F.3d 527 (2d Cir. 2016) ........................................................24, 28

*Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*,
    164 F. Supp. 3d 457 (S.D.N.Y. 2016), *aff'd*, 675 F. Appx. 89 (2d
    Cir. 2017) .......................................................................................25

*Ottley v. Schwartzberg*,
    819 F.2d 373 (2d Cir. 1987) ..............................................................36

*Owoyemi v. JPMorgan Chase & Co.*,
    No. 10 Civ. 6001 (DLI) (JO), 2014 WL 3809799 (E.D.N.Y. July
    31, 2014) ........................................................................................26

*Paladin Assocs., Inc. v. Montana Power Co.*,
    328 F.3d 1145 (9th Cir. 2003) ...........................................................33

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
    497 F.3d 133 (2d Cir. 2007) ........................................................30, 31

*Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*,
    668 F.3d 60 (2d Cir. 2012) ..........................................................24, 25

*Sofia Shipping Co. v. Amoco Transport Co.*,
628 F. Supp. 116 (S.D.N.Y. 1986) ....................................24

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
559 U.S. 662 (2010)........................................................24

*Supreme Oil Co., Inc. v. Abondolo*,
568 F. Supp. 2d 401 (S.D.N.Y. 2008) ................................28

*Tempo Shain Corp. v. Bertek, Inc.*,
120 F.3d 16 (2d Cir. 1997) .............................................27

*Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers*
*Local Union No. 580*,
813 F.2d 562 (2d Cir. 1987) ...........................................25

*Tully Constr. Co. v. Canam Steel Corp.*,
684 F. App'x 24 (2d Cir. 2017) ..................................23, 34

*United States v. Black*,
918 F.3d 243 (2d Cir. 2019) ...........................................31

*Vaughn v. Leeds, Morelli & Brown, P.C.*,
315 F. App'x 327 (2d Cir. 2009) ......................................31

## Federal Statutes

9 U.S.C.
§ 1......................................................................................2
§ 9...............................................................................5, 36
§ 10.........................................................................*passim*
§ 11.........................................................................*passim*

28 U.S.C.
§ 1291................................................................................5
§ 1331................................................................................5
§ 1332................................................................................4

## Rules

Federal Rules of Civil Procedure
11....................................................................................17
56.............................................................................13, 14

**Other Authorities**

American Arbitration Association, *Commercial Arbitration Rules and Mediation Procedures* (2013), https://adr.org/sites/default/files/Commercial%20Rules.pdf (last visited September 22, 2022) ...............................................................32

## PRELIMINARY STATEMENT

This appeal is the culmination of approximately four years of litigation, arbitration, and then more litigation, all arising out of Amazon's termination of the third-party selling accounts of Plaintiff-Appellant Jacob Kellner ("Mr. Kellner")—something Amazon was plainly permitted to do under the governing contract, which allowed either party to terminate the relationship "at any time" and "for any reason." In total, Mr. Kellner has filed four federal lawsuits arising out of this set of facts. This current appeal is an attempt by Mr. Kellner to reverse the District Court's denial of his motion to vacate, modify, or correct a fully litigated and well-reasoned arbitration award. For the reasons elaborated below, Mr. Kellner continues to fall far short of the heavy burden to overturn an arbitration award. This Court should affirm.

Mr. Kellner is a former third-party seller on the Amazon store. Amazon terminated Mr. Kellner's selling accounts due to his consistent and egregious violations of Amazon policy, including listing used products as new, violating intellectual property rights, and submitting fabricated invoices. Following this termination, Mr. Kellner filed a federal lawsuit asserting antitrust and breach of contract claims against Amazon before withdrawing and proceeding with those claims via binding arbitration, as he was contractually required to do. The arbitration concluded with an award being issued entirely in Amazon's favor.

1

Mr. Kellner then petitioned the District Court to vacate, modify, or correct the arbitration award (the "Petition") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Amazon, in turn, opposed and filed a cross-petition to confirm the arbitration award ("Cross-Petition"). After briefing, the District Court referred the Petition and Cross-Petition to the Magistrate Judge for a report and recommendation. The Magistrate Judge issued an order that recommended denying Mr. Kellner's Petition and granting Amazon's Cross-Petition. The District Judge adopted the Magistrate Judge's report and recommendation in its entirety after consideration of Mr. Kellner's objections and, in turn, the Clerk of the Court entered a judgment in Amazon's favor.

On appeal, Mr. Kellner requests that this Court reverse the judgment on three grounds. The first two mirror arguments that Mr. Kellner made—and the District Court rejected—in the proceedings below: (1) that the denial of his motion to compel additional discovery evidenced partiality and a refusal to hear pertinent and material evidence in violation of sections 10(a)(2) and 10(a)(3) of the FAA; and (2) that the arbitrator "exceeded her powers" in violation of section 10(a)(4) of the FAA because she was not permitted to resolve Mr. Kellner's antitrust claims. Both arguments are entirely without merit. In regard to the first, arbitrators are given substantial leeway to manage discovery and the denial of Mr. Kellner's burdensome and irrelevant document requests was squarely within the arbitrator's prerogative. In regard to the

2

second, it is well established that arbitrators can hear claims arising under antitrust law.  As a third and final ground for reversal, Mr. Kellner argues that he has suffered financial loss due to Amazon's termination of his third-party selling accounts.  This claim can be summarily rejected for multiple independent reasons.  Mr. Kellner failed to raise this issue in his Petition before the District Court and, therefore, has waived his right to raise the issue on appeal.  Entirely separately, financial loss is not one of the statutory bases for vacatur under the FAA.  And to the extent Mr. Kellner is merely reiterating his claim for breach of contract on appeal, the arbitrator squarely denied that claim on the merits and Mr. Kellner provides no cogent basis to vacate that decision on appeal.

Mr. Kellner does not address two additional aspects of the District Court's holding on this appeal: the conclusion that the arbitration award was not issued in manifest disregard of the law and the denial of his Petition to modify or correct the award pursuant to sections 11(a) and 11(b) of the FAA.  By failing to raise or even mention either of these issues, he has abandoned any rights on appeal.  But regardless, both of these holdings can be summarily affirmed.  First, the arbitration award is legally sound and falls far short of the "manifest disregard of the law" standard.  Second, sections 11(a) and 11(b) only apply if the arbitrator made clerical or typographical errors or if the arbitrator "awarded upon a matter not submitted to them."  It does not apply to substantive legal errors raised by Mr. Kellner—the

3

interpretation of Mr. Kellner's agreement with Amazon, which was squarely at issue in his breach of contract claim and, therefore, was "submitted" to the arbitrator for her consideration.

For the foregoing reasons, elaborated below, this Court should affirm the judgment of the District Court denying Mr. Kellner's Petition, granting Amazon's Cross-Petition, and confirming the arbitration award.

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction because there is complete diversity of citizenship between the parties—Mr. Kellner was a resident and citizen of New York at the time of filing this lawsuit and is currently a resident and citizen of New Jersey; Amazon is a Delaware limited liability corporation whose sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington;[3] and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; SA-6[4] (demand for arbitration seeking $5,000,000 in damages and identifying Mr. Kellner as a resident of New York); *see also* SA-132 (March 2022 Notice of Appeal identifying Mr. Kellner as a resident of New Jersey). The District Court also had subject matter jurisdiction because Mr. Kellner's Petition pertained

---

[3] *See N.Y. by James v. Amazon.com, Inc.*, 550 F. Supp. 3d 122, 127 (S.D.N.Y. 2021) (noting that Amazon.com Services LLC and Amazon.com Sales, Inc. are Washington-based entities that are incorporated in Delaware).

[4] SA-__ refers to Amazon's Supplemental Appendix filed contemporaneously with this brief.

to his relationship with Amazon as a former seller on Amazon.com, which affected interstate commerce; and a federal cause of action for violations of the Sherman and Clayton Acts and whether the arbitrator was permitted to hear those claims. *See* 28 U.S.C. § 1331; SA-6, SA-55-56 ¶¶ 85-86.

On March 30, 2022, the District Court entered a judgment denying Mr. Kellner's Petition and granting Amazon's Cross-Petition. SA-131. The judgment is a final order and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Did the District Court correctly deny Mr. Kellner's Petition to vacate the arbitration award pursuant to sections 10(a)(2), 10(a)(3), and 10(a)(4) of the FAA, 9 U.S.C. §§ 10(a)(2)-(4)?

2. Did the District Court correctly deny Mr. Kellner's Petition to modify or correct the arbitration award pursuant to sections 11(a) and 11(b) of the FAA, 9 U.S.C. §§ 11(a)-(b)?

3. Did the District Court correctly grant Amazon's Cross-Petition to confirm the arbitration award pursuant to section 9 of the FAA, 9 U.S.C. § 9?

## COUNTER-STATEMENT OF THE CASE

Prior to filing the underlying arbitration, Mr. Kellner filed a lawsuit in the Eastern District of New York against Amazon on January 8, 2019. *See Kellner v.*

*Amazon* ("*Kellner I*"), No. 19 Civ. 131 (BMC). In his complaint, Mr. Kellner asserted claims for "violation of the Sherman/Clayton Act" and breach of contract pertaining to the termination of his Amazon seller accounts. *See Kellner I*, Complaint ¶¶ 75-76, ECF No. 1. The undersigned counsel contacted Mr. Kellner's then-attorney and informed him that the claims were subject to binding arbitration under section 19 of the Amazon Business Solutions Agreement ("BSA"), which Mr. Kellner agreed to when he registered his Amazon seller accounts. As a result, Mr. Kellner voluntarily dismissed his complaint on January 24, 2019. *See Kellner I,* Plaintiff's Notice of Voluntary Dismissal, ECF No. 7.

Mr. Kellner subsequently commenced the Arbitration on March 21, 2019 (the "Arbitration"). *See* SA-2 ¶ 5, SA-6-7. The initial demand for arbitration asserted the same two claims alleged in *Kellner I*: a violation of the Sherman and Clayton Acts and breach of contract. *Id.* On April 2, 2019, Mr. Kellner provided an "additional statement of demand" which alleged that (i) Amazon operated the Amazon.com seller store with the intent to "monopolize[] or attempt[] to monopolize trade and commerce … in violation of the Sherman/Clayton Act," and (ii) Amazon breached the BSA by terminating Mr. Kellner's seller accounts. SA-42, SA-54 ¶ 74, SA-89-92 ¶¶ 89-90. Amazon filed its Answer to Mr. Kellner's demand for arbitration and additional statement of demand on April 16, 2019, denying Mr. Kellner's allegations and raising affirmative defenses. SA-60-63. On June 3,

2019, the parties held an administrative conference, the results of which were memorialized in a memorandum with the same date. SA-65-66. Among other things, the parties agreed that the Arbitration would proceed with one arbitrator and would be decided on the papers alone, without an evidentiary hearing or live witness testimony. *See id.*, ¶¶ 3-6. On July 1, 2019, the Honorable Carol E. Heckman (Ret.)[5] was selected as the arbitrator (the "Arbitrator"). SA-68-70.

The Arbitrator set a February 28, 2020, discovery deadline, and Amazon and Mr. Kellner produced documents in accordance with that deadline. SA-73 ¶ 4. Four days before the close of discovery, Mr. Kellner served interrogatories and requests for documents on Amazon. SA-3 ¶ 13; A-197-202.[6] Amazon objected to Mr. Kellner's requests, and the Arbitrator heard oral argument on Amazon's objections. SA-77. During that hearing, Mr. Kellner withdrew all of his interrogatories and all but three of his document requests, which sought complaints by other consumers against Amazon for wrongful termination of third-party seller accounts and for antitrust violations, along with Amazon's out-of-court settlements

---

[5] The Honorable Carol E. Heckman served as a Magistrate Judge for the Western District of New York for eight years. Judge Heckman graduated Cornell Law School in 1977 *magna cum laude* and received a B.A. from Lawrence University in 1974. She is admitted to the New York Bar and has over 40 years of experience as a trial lawyer and judge. *See Honorable Carol E. Heckman Biography*, Lippes Mathias LLP, https://www.lippes.com/team/carol-e-heckman-46 (last visited on October 15, 2022).

[6] A-__ refers to Mr. Kellner's Appendix filed on July 21, 2022 (ECF No. 43).

with third-party sellers.  SA-3 ¶¶ 14-15; A-201-202, Nos. 3, 4, and 8; SA-77.  After the parties exchanged briefs on Mr. Kellner's remaining three document requests, the Arbitrator sustained Amazon's objections because the requests were irrelevant, overly burdensome, and/or sought confidential information.  SA-3 ¶ 15, SA-77.

On December 1, 2020, the Arbitrator issued an award entirely in Amazon's favor (the "Arbitration Award").  A-189-196.  The Arbitrator concluded that Mr. Kellner's antitrust claims pursuant to the Sherman and Clayton Acts, his breach of contract claims, and his previously unasserted "breach of duty of good faith" claim each failed for multiple factual and legal reasons.  *See generally id*.

On December 29, 2020, Mr. Kellner—still represented by counsel—filed his Petition in the Eastern District of New York pursuant to sections 10, 11(a), and 11(b) of the FAA.  *See* SA-ii-xi (Petition to Vacate, Modify, or Correct Arbitration Award Pursuant to Federal Arbitration Act, *Kellner v. Amazon*, ("*Kellner II*") No. 20cv6322).  In support of his Petition, Mr. Kellner argued that there "was evident partiality" and that the Arbitrator "refus[ed] to hear evidence pertinent and material to the controversy" in violation of sections 10(a)(2) and 10(a)(3) of the FAA because the Arbitrator denied Mr. Kellner's motion to compel Amazon to produce further irrelevant and burdensome discovery pertaining to (a) complaints regarding terminations of third-party seller accounts and alleged antitrust violations, and (b) all of Amazon's confidential settlements with third-party sellers.  SA-vii-viii ¶¶ 7(a)(3)-

8

10.  Mr. Kellner also argued that the Arbitrator "exceeded [her] powers" in violation of section 10(a)(4) because she was not permitted to resolve Mr. Kellner's antitrust claims.  SA-ix ¶¶ 12-13.  Finally, Mr. Kellner argued that the Arbitration Award should be modified or corrected pursuant to 9 U.S.C. §§ 11(a) and 11(b) because the Arbitrator "ignored the plain language of the contract."  SA-x ¶ 16.

The case was assigned to District Judge Ann M. Donnelly and Magistrate Judge Peggy Kuo.  Although Mr. Kellner did not properly serve his Petition, Amazon agreed to waive service of process.  *Kellner II*, ECF No. 10.  Amazon also conferred and reached an agreement with Mr. Kellner on a briefing schedule for his Petition and Amazon's anticipated Cross-Petition. *Id.*  The parties' briefing schedule was adopted by the Court on February 25, 2021 (docket text order).

On March 19, 2021, Amazon filed an opposition to Mr. Kellner's Petition and also filed its Cross-Petition.  *Kellner II*, ECF Nos. 11 - 11-15.  Mr. Kellner filed his reply brief in support of his Petition and opposing Amazon's Cross-Petition on May 2, 2021, and Amazon filed its reply brief in support of its Cross-Petition on June 3, 2021.  *Kellner II*, ECF Nos. 16, 17.  On June 4, 2021, District Judge Ann M. Donnelly referred Mr. Kellner's Petition and Amazon's Cross-Petition to Magistrate Judge Peggy Kuo for a report and recommendation (docket text order).

On March 1, 2022, the Magistrate Judge issued a report and recommendation on Mr. Kellner's Petition and Amazon's Cross-Petition.  A-40-53.  In recommending

denial of Mr. Kellner's Petition, the Magistrate Judge found that: (i) there was no evident partiality or refusal to hear pertinent and material evidence under sections 10(a)(2) or 10(a)(3) as the Arbitrator properly exercised her discretion in considering Mr. Kellner's discovery requests and provided reasonable bases for denying them;[7] (ii) the Arbitrator did not exceed her powers in violation of section 10(a)(4) by deciding Mr. Kellner's antitrust claims because such claims may be arbitrated;[8] (iii) Mr. Kellner's Petition to modify or correct the Arbitration Award should be denied because section 11(a) does not permit modification of an award on a substantive issue (*i.e.*, interpretation of the BSA) and section 11(b) was inapplicable as Mr. Kellner's claims necessarily involved interpretation of the BSA;[9] and (iv) the Arbitration Award was not issued in manifest disregard of the law.[10] As to Amazon's Cross-Petition, the Magistrate Judge recommended confirming the Arbitration Award as there was no basis to vacate, modify, or correct it. A-52.

On March 10, 2022, Mr. Kellner filed his objections to the Magistrate Judge's report and recommendation, which Amazon responded to on March 24, 2022. A-54-61; Amazon's Response to Petitioner's Objections to Judge Peggy Kuo's Report and Recommendation, *Kellner II*, ECF No. 21. On March 29, 2022, the District

---

[7] A-47-50.
[8] A-50-51.
[9] A-51.
[10] A-51-52.

Judge adopted the Magistrate Judge's "characteristically thorough and well-reasoned Report and Recommendation … in its entirety." *See* A-1. The Clerk of the Court issued a judgment denying Mr. Kellner's Petition and granting Amazon's Cross-Petition on March 30, 2022. *See* SA-131.

On April 5, 2022, Mr. Kellner, now proceeding *pro se*, filed a Notice of Appeal. *See* SA-132.

## COUNTER-STATEMENT OF FACTS

### A. Amazon's Termination of Mr. Kellner's Seller Accounts

The Amazon store offers products and services to customers around the globe. Many of these products are sold by third-party selling partners, including many small businesses. SA-81. The Amazon store allows these selling partners to utilize Amazon's site, brand, and presence to reach hundreds of millions of customers, creating a unique opportunity for these sellers to grow their customer base and sales. *Id.* Mr. Kellner was one such third-party seller. *Id.* To ensure customer confidence and the integrity of the Amazon store, Amazon sets forth clear rules for third-party seller conduct. SA-83. In exchange for the privilege of selling on Amazon, Mr. Kellner—like all other Amazon sellers—agreed to the BSA. SA-81; A-191. The BSA provides that both Amazon and third-party sellers may each terminate or suspend the agreement "for any reason at any time." A-8 § 3. The BSA and Program

11

Policies also explicitly prohibit certain behaviors that will result in termination of one's selling privileges. SA-83.

Mr. Kellner consistently and egregiously violated the BSA and the Program Policies, which resulted in the termination of his seller accounts. *See, e.g.*, SA-84-87; A-191. Among other things, Mr. Kellner:

- deceived Amazon's customers by misrepresenting used products as being in new condition;
- maintained multiple accounts in the United States and Canada without express authorization to do so;
- violated intellectual property rights and had multiple trademark infringement complaints filed against his multiple accounts;
- received multiple customer complaints for false advertising, items not received, materially different items received, orders that were missing parts and poor customer service;
- submitted fabricated invoices to appeal his accounts' suspension; and
- engaged in pre-confirm ship abuse by confirming customers' orders before they were shipped.

*Id.*

## B. The Underlying Arbitration

### 1. Arbitration Demand

After Mr. Kellner voluntarily dismissed *Kellner I*, he subsequently commenced the Arbitration against Amazon on March 21, 2019, for the same claims: violation of the Sherman and Clayton Acts and breach of contract. SA-2 ¶ 6, SA-6-40. On April 2, 2019, Mr. Kellner provided an "additional statement of demand," which detailed that Mr. Kellner's claims all pertained to the termination of his seller accounts. SA-42-58. Amazon filed its answer to Mr. Kellner's demand

for arbitration and additional statement of demand on April 16, 2019, denying Mr. Kellner's allegations and raising affirmative defenses. SA-60-63.

### 2. Exchange of Information and Briefing

After the Arbitrator was appointed, she issued an order on August 23, 2019, which, among other things, set the discovery deadline as February 28, 2020, and specified that all discovery requests were to be made and responded to prior to that date. SA-72-73 ¶¶ 3(b)-4. Amazon subsequently produced documents in accordance with that discovery schedule, as did Mr. Kellner. SA-3 ¶ 12.

On February 24, 2020 (*i.e.*, four days prior to the discovery deadline), Mr. Kellner served interrogatories and requests for documents on Amazon, purportedly pursuant to Rule 56 of the Federal Rules of Civil Procedure. SA-3 ¶ 13; A-197-202. On February 28, 2020, the Arbitrator heard oral argument on Amazon's objections to these requests, during which Mr. Kellner withdrew all of the interrogatories and all of the document requests except for the following:

- **Request No. 3**: "[a]ll complaints filed by consumers alleging wrongful termination of store platform accounts, by defendant";
- **Request No. 4**: "[a]ll complaints filed by any consumer, or any other party including private or commercial alleging defendant is or has engaged in a pattern of conduct in violation of the anti-trust laws of the United States, including but not limited to monopolistic practices, anti-competition practices, elimination of competition practices, and price fixing practices"; and
- **Request No. 8**: that Amazon "[i]dentify all out of court settlements reached between defendant any seller of Amazon store platforms."

13

SA-3 ¶ 14; A-201-202; SA-78.   After further briefing from both Amazon and

Mr. Kellner on the issue, the Arbitrator issued an order dated March 9, 2020.   SA-3

¶ 15, SA-77-79.   The Arbitrator first clarified that the governing rule was Rule 22 of

the AAA Commercial Rules, not Rule 56 of the Federal Rules of Civil Procedure,

and that AAA Commercial Rule 22 provided the Arbitrator with broad authority to

manage discovery.   SA-78.   She then sustained Amazon's objections.   SA-79 at 4.

In regard to document request numbers 3 and 4, the Arbitrator held that, among other

things, Mr. Kellner's requests for all complaints pertaining to terminations of third-

party seller accounts and alleged antitrust violations were unduly burdensome,

sought material not directly relevant to Mr. Kellner's claims, and to the extent that

they sought public records, that information was already available to Mr. Kellner.

*Id.*   In regard to document request number 8, the Arbitrator held that Mr. Kellner's

request for all of Amazon's confidential settlements with third-party sellers

inappropriately sought "material that is confidential and protected from disclosure

by the terms of such out of court settlements."   *Id.*

After requesting three extensions of time, Mr. Kellner ultimately filed and

served his opening brief on August 27, 2020.   SA-4 ¶ 16; A-62-188.   Amazon filed

its brief on October 13, 2020, and Mr. Kellner filed his reply on October 27, 2020.

SA-4 ¶¶ 17-18, SA-81-130.

### 3.      Arbitration Award

On December 1, 2020, the Arbitrator issued the Arbitration Award entirely in Amazon's favor.  A-189-196.  As to Mr. Kellner's antitrust claims under the Sherman and Clayton Acts, the Arbitrator concluded that Mr. Kellner's claim failed for three independent reasons.  SA-192-193.  First, the Arbitrator found that Mr. Kellner failed to meet his burden of proof.  SA-192.  Specifically, the Arbitrator noted that Mr. Kellner failed to cite "evidence or case law to support his claims" and, instead, he proffered conclusory assertions that there is a "mountain of evidence supporting [his] charges," but that the evidence "cannot be submitted physically into the record" due to its "sheer volume."  *Id.*  Second, the Arbitrator found that Mr. Kellner's arguments failed on the merits.  SA-192-193.  Mr. Kellner argued that the termination of his seller accounts constituted a *per se* violation of antitrust laws. *Id.*  The Arbitrator rejected this argument in finding that "vendor agreements are indisputably vertical agreements" that are not subject to *per se* treatment but, instead, analyzed under the rule of reason.  SA-193.  Under the rule of reason, the Arbitrator found that Mr. Kellner failed to show that the termination of his seller accounts was actionable: he had not (i) alleged an exclusive supplier or dealer relationship with Amazon; (ii) established that Amazon was engaged in tying; (iii) alleged that a price squeeze was involved; or (iv) demonstrated that the termination constituted an actionable refusal to deal.  *Id.*  Third, the Arbitrator found that Mr. Kellner's alleged

damages (*i.e.*, injury to his own business) did not amount to harm to marketwide competition and, therefore, he had not suffered an antitrust injury. *Id.*

Mr. Kellner's second claim alleged that Amazon breached the BSA by terminating his seller accounts without notice. SA-193-194. The Arbitrator found that this claim also failed for three reasons. First, under both applicable Ninth Circuit law and the plain terms of section 3 of the BSA, Amazon was entitled to "terminate its contractual relationship with Kellner 'at any time' and 'for any reason'" and, therefore, was not required to give notice. SA-194; *see also* A-8 § 3. Second, notwithstanding the fact that Amazon was not required to provide notice, the Arbitrator found that Mr. Kellner was provided adequate notice of termination:

> There is no merit to [Mr.] Kellner's argument that Amazon breached the BSA by not providing him sufficient notice of termination. In fact, there were multiple communications between the parties regarding account suspensions, policy violation warnings, appeals, reinstatements and continued violations. … [Mr. Kellner] was clearly on notice that he had to correct the deficiencies identified by Amazon at the risk of permanently losing his selling privileges.

A-194. Third, the Arbitrator found that even if Mr. Kellner were to state a claim for breach of the BSA, he would not be entitled to the damages for lost profits, lost revenues, or lost investments he sought because section 8 of the agreement limited Amazon's liability for such damages. *Id.*, A-9-10 § 8.

Finally, although Mr. Kellner did not allege a claim for "breach of good faith" in either his demand for arbitration (SA-6-40) or his additional statement of demand (SA-42-58), Mr. Kellner argued in his opening brief that Amazon violated its duty of "implied good faith." A-84-85 ¶ 43. The Arbitrator found that "there is no independent cause of action for breach of good faith under Washington law." SA-194-195.

## C. Additional Lawsuits Filed by Mr. Kellner

In addition to *Kellner I*, the Arbitration, and *Kellner II*, Mr. Kellner filed two additional lawsuits against Amazon, both stemming from the termination of his Amazon seller accounts.

### 1. Duplicative EDNY Lawsuit

Two months after Mr. Kellner filed his Petition to vacate, modify, or correct the Arbitration Award, Mr. Kellner filed an additional federal proceeding in the Eastern District of New York alleging claims for violation of the Clayton Act, fraud in the concealment, tortious interference, and violation of the doctrine of good faith and fair dealing, all arising from Amazon's termination of the BSA. *See* Verified Complaint, *Kellner v. Amazon.com* ("*Kellner III*"), No. 21 Civ. 395 (NGG) (VMS), ECF No. 3. Upon receiving notice of the lawsuit, the undersigned counsel wrote to Mr. Kellner's lawyer that *Kellner III* should be immediately withdrawn pursuant to the obligations set forth in Rule 11 of the Federal Rules of Civil Procedure—it was

not only barred by the doctrine of collateral estoppel in light of the Arbitration Award, but it was also subject to the same binding arbitration provision in the BSA that applied to *Kellner I* and *Kellner II*. Although Mr. Kellner's counsel did not provide any legal justification for maintaining *Kellner III*, he filed a notice of voluntary dismissal on April 13, 2021. *Kellner III*, ECF No. 4.

### 2. Duplicative DNJ Lawsuit[11]

On the same day that the Magistrate Judge issued her report and recommendation as to the Petition and Cross-Petition (A-40-53), Mr. Kellner and his wife Devora Kellner as co-Plaintiff (collectively, the "Kellners"), both *pro se*, filed an entirely new complaint in the District of New Jersey seeking redress for the same facts surrounding *Kellner I*, the Arbitration, *Kellner II*, and *Kellner III*—the termination of Mr. Kellner's Amazon seller accounts. Civil Complaint, *Kellner v. Amazon ("Kellner IV")*, No. 22-cv-1124-GC-DEA (D.N.J. Mar. 1, 2022), ECF No. 1. On April 11, 2022, Amazon moved to dismiss the claims raised by Mr. Kellner on res judicata grounds, as each claim is based on the same transaction or occurrence in the Arbitration. *Kellner IV*, ECF Nos. 13-13-29. Amazon also sought dismissal of the claims raised by the Kellners for failure to state a claim. *Id.* In the alternative,

---

[11] This Court is permitted to take "judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

Amazon moved to compel the Kellners to arbitrate any remaining claims. *Id.* The Kellners have opposed Amazon's motion, which is currently pending before the District of New Jersey. *Kellner IV*, ECF No. 15.

## **SUMMARY OF ARGUMENT**

Mr. Kellner requests that this Court reverse the judgment of the District Court on three grounds, which all fail as a matter of law.

Liberally construing Mr. Kellner's arguments on appeal, his first two grounds mirror the arguments he made before the District Court. First, Mr. Kellner argues that he was deprived of a "full, fair, arbitration proceeding consistent with due process" because his motion to compel was denied, which Amazon construes to rehash his argument that the Arbitrator's denial of his motion to compel evidenced partiality and a refusal to hear pertinent and material evidence in violation of sections 10(a)(2) and 10(a)(3). Kellner Br. at 2, 9.[12] "Evident partiality" under section 10(a)(2) mandates proof by clear and convincing evidence that the Arbitrator was partial to one party. Refusal to consider evidence under section 10(a)(3) requires that "fundamental fairness is violated." The Arbitrator's well-reasoned decision not to compel additional irrelevant and burdensome discovery from Amazon does not come close to constituting either evident partiality under section 10(a)(2) or violating fundamental fairness under section 10(a)(3).

---

[12] Kellner Br. __ refers to Mr. Kellner's Brief, filed July 20, 2022 (ECF No. 37).

Second, Mr. Kellner also argues that the Arbitrator lacked subject matter jurisdiction over his antirust claims, which echoes Mr. Kellner's argument before the District Court that the Arbitrator "exceeded her powers" in violation of section 10(a)(4) for deciding such claims. Kellner Br. at 2, 5-8. This is simply incorrect. It is black-letter law that arbitrators can resolve antitrust claims, including those brought pursuant to the Sherman and Clayton Acts.

Mr. Kellner also raises a new argument on appeal that he has "suffered and will continue to suffer a gravely [sic] financial loss due to [Amazon's] actions." Kellner Br. at 9. Mr. Kellner failed to raise this argument in his Petition and, therefore, has waived the argument on appeal. Further, financial loss is not a statutory basis for vacatur under the FAA. And, to the extent Mr. Kellner is attempting to reiterate his breach of contract claim against Amazon, the Arbitrator properly denied that claim on the merits and Mr. Kellner offers no valid basis to vacate that decision on appeal.

Finally, Mr. Kellner's appeal fails to address the District Court's (i) finding that there is no basis to vacate the Arbitration Award for manifest disregard of the law and (ii) denial of his Petition to modify or correct the Arbitration Award under sections 11(a) and 11(b). By failing to address these holdings, Mr. Kellner abandons any objections to them on appeal. But even on the merits, this Court should summarily affirm the District Court's holdings. The District Court properly found

that the Arbitration Award was not issued in manifest disregard of the law: Mr. Kellner failed to meet his burden that he was entitled to relief under antitrust law and for breach of contract. With regards to his Petition under sections 11(a) and 11(b), the District Court properly rejected Mr. Kellner's argument for modification or correction of the Arbitration Award because the Arbitrator purportedly ignored the plain language of the BSA. Sections 11(a) and 11(b) apply if the arbitrator made "material miscalculation of figures," "material mistake in the description" of things, or "awarded upon a matter not submitted to them." It does not apply to alleged substantive legal errors that are at the heart of the dispute submitted to and resolved by the Arbitrator—here, Mr. Kellner's claim for breach of contract.

Accordingly, because there is no merit to Mr. Kellner's Petition, this Court should affirm the judgment of the District Court denying Mr. Kellner's Petition, granting Amazon's Cross-Petition, and confirming the Arbitration Award.

## <u>STANDARD OF REVIEW</u>

This Court reviews *de novo* a District Court's decision to confirm or vacate an arbitration award for questions of law and "review[s] any findings of fact for clear error." *See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003); *Dalla-Longa v. Magnetar Cap.*, 33 F.4th 693, 695 (2d Cir. 2022); *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002).

21

**ARGUMENT**

## I. MR. KELLNER'S ARGUMENTS ON APPEAL FAIL AS A MATTER OF LAW

Mr. Kellner appeals the District Court's denial of his Petition to vacate and requests that the "Arbitration Award … be vacated and set aside with [this] matter referred to the Federal District Court for further proceedings." Kellner Br. at 3, 10, 15. In support, he repeats in conclusory fashion two of the arguments he previously made before the District Court. First, Mr. Kellner argues in three sentences of his brief that Amazon "wrongfully den[ied] providing [him] full discovery as demanded during arbitration proceedings, depriving [him] of a full, fair, arbitration proceeding consistent with due process," which was his rationale for vacatur under sections 10(a)(2) and 10(a)(3) in the District Court. *Id.* at 2, 9; *compare id.*, *with* SA-vi ¶ 4, SA-viii ¶ 9. Second, Mr. Kellner argues that Federal District Courts have exclusive jurisdiction over claims arising under the Sherman and Clayton Acts and, therefore, the Arbitrator lacked subject matter jurisdiction over his antitrust claims, which Mr. Kellner previously asserted as a basis for vacatur under section 10(a)(4). *Compare* Kellner Br. at 5, *with* SA-ix ¶¶ 12-13. In conjunction, Mr. Kellner dedicates a majority of his brief to argue that subject matter jurisdiction can be raised at any time and cannot be waived by the parties, an issue that is uncontested by the parties. Kellner Br. at 5-9. Finally, as a separate and new argument on appeal, Mr.

Kellner argues that he "has [ ] suffered significant damages and will continue to suffer financial damages." *Id.* at 7, 10.

As discussed below, each argument fails as a matter of law, and this Court should affirm the judgment of the District Court denying Mr. Kellner's Petition, granting Amazon's Cross-Petition, and confirming the Arbitration Award.

### A. The Arbitrator's Decision Not to Compel Further Discovery Does Not Warrant Vacatur Under Sections 10(a)(2) or 10(a)(3)

Mr. Kellner argues that the Arbitration Award should be vacated because "Amazon failed to deliver or disclose documents requested by" Mr. Kellner, which he claims were "critical" to proving his claims and deprived him of a "full, fair, arbitration proceeding consistent with due process." Kellner Br. at 4, 9 (citing to his February 24, 2020, interrogatories and requests for documents on Amazon). Amazon liberally construes this as a reference to Mr. Kellner's argument before the District Court that the Arbitrator demonstrated partiality and refused to hear pertinent and material evidence in violation of sections 10(a)(2) and 10(a)(3) when she denied his motion to compel additional discovery in her March 9, 2020, order.[13]

---

[13] In construing this argument to rehash Mr. Kellner's Petition to vacate under sections 10(a)(2) and 10(a)(3), Amazon notes that none of the other grounds for vacatur under section 10 are applicable: Mr. Kellner does not argue that "the award was procured by corruption, fraud, or undue means" (§ 10(a)(1)) or that the "arbitrator[] exceeded [her] powers" (§ 10(a)(4)). Nor can Mr. Kellner's argument be construed as one of manifest disregard of the law as this Court "does not recognize manifest disregard of the evidence as [a] proper ground for vacating an arbitrator's

*See* SA-viii-ix ¶¶ 8-11; Kellner Br. at 1, 2, 7, 9. As an initial matter, it is worth emphasizing that Mr. Kellner voluntarily withdrew all of his discovery requests except for document requests numbers 3, 4, and 8. *See* SA-3 ¶ 14; SA-77. In the March 9, 2020, order, the Arbitrator sustained Amazon's objections to producing any further documents in relation to those three requests because they sought burdensome and irrelevant information (document request numbers 3 and 4) or sought information that was confidential (document request number 8). SA-79. In any event, the Arbitrator's decision not to compel further discovery from Amazon does not merit vacating the Arbitration Award pursuant to either sections 10(a)(2) or 10(a)(3).

"[E]vident partiality within the meaning of 9 U.S.C. § 10[(a)(2)] will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Const. Corp. v. New York City Dist. Council Carpenters Ben. Funds*, 748 F.2d 79, 84 (2d Cir. 1984); *see also Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (same). The party challenging the award must prove the existence of evident partiality by clear and convincing evidence. *See Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016);

---

award." *Tully Constr. Co. v. Canam Steel Corp.*, 684 F. App'x 24, 28 (2d Cir. 2017) (internal quotes omitted; alteration in the original).

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 106 (2d Cir. 2013) (same); *accord Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 671 (2010) (the party challenging an award on the basis of evident partiality "must clear a high hurdle"). Mere "speculation" and allegations of the "appearance" of bias are not enough. *See Sofia Shipping Co. v. Amoco Transport Co.*, 628 F. Supp. 116, 119-20 (S.D.N.Y. 1986); *Ecoline, Inc. v. Local Union No. 12 of Intern. Ass'n of Heat & Frost Insulators & Asbestos Workers, AFL-CIO*, 271 F. App'x 70, 72 (2d Cir. 2008).

In this case, Mr. Kellner did not even offer "speculation" regarding the Arbitrator's potential bias; rather he posited that the Arbitrator's decision not to compel further discovery was proof of bias sufficient to satisfy section 10(a)(2). *See* SA-viii ¶ 8.[14] This is incorrect. As the District Court properly found, an unfavorable decision against Mr. Kellner alone does not support a finding of "evident partiality." *See Scandinavian Reins. Co.*, 668 F.3d at 75 ("[w]e have repeatedly said that adverse rulings alone rarely evidence partiality"); *Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers Local Union No. 580*, 813 F.2d 562, 565 (2d Cir. 1987) ("the fact that the arbitrator found in favor of the [respondent] clearly does not satisfy

---

[14] As the District Court acknowledged, Mr. Kellner's claim that the "arbitrator stated she did not have authority or means to compel compliance by Respondent Amazon" is factually incorrect. SA-viii ¶ 8; A-47, A-4. To the contrary, the Arbitrator sustained Amazon's objections to the remaining document requests because they sought irrelevant, burdensome, and confidential material. SA-78-79.

[petitioner's] burden of showing partiality" in petitioning to vacate an arbitration award); *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 481 n.28 (S.D.N.Y. 2016) (adverse rulings against a party by itself do not indicate unfair bias), *aff'd*, 675 F. Appx. 89 (2d Cir. 2017); A-48, A-4. Indeed, "'[b]ias is not even established by showing that an arbitrator consistently agrees with the arguments of one side and repeatedly finds in their favor.'" *Dubois v. Macy's Retail Holds., Inc.*, No. 11 Civ. 4904 (NGG) (LB), 2012 WL 4060739, at *7 (E.D.N.Y. Aug. 17, 2012) (quoting *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000)), *aff'g* 533 Fed. Appx. 40 (2d Cir. 2013); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Int'l Union, UAW*, 500 F.2d 921, 923 (2d Cir. 1974) (the fact that an "arbitrator consistently relied on evidence and reached conclusions favorable to [one party] . . . does not establish 'evident partiality.'"); *Moorning-Brown v. Bear, Stearns & Co., Inc.*, No. 99 CV 4130 (GBD), 2005 WL 22851, at *5 (S.D.N.Y. Jan. 5, 2005) ("Simply because the arbitrators consistently agreed with the arguments of one side and repeatedly found in their favor does not, standing alone, show that the arbitrator was biased.") (citing *Bell Aerospace Co.*, 500 F.2d at 932). Accordingly, there is no basis for Mr. Kellner's claims that the Arbitrator was biased in favor of Amazon. The District Court's denial of Mr. Kellner's Petition to vacate under section 10(a)(2) should be affirmed.

Mr. Kellner also previously argued that the Arbitrator's decision not to compel further discovery constitutes a "refus[al] to hear evidence pertinent and material to the controversy" in violation of section 10(a)(3). *See* SA-viii ¶ 10; Kellner Br. at 7, 9. Courts in the Second Circuit "do not examine an arbitrator's evidentiary decisions unless the arbitration proceedings were fundamentally unfair." *Owoyemi v. JPMorgan Chase & Co.*, No. 10 Civ. 6001 (DLI) (JO), 2014 WL 3809799, at *4 (E.D.N.Y. July 31, 2014) (citing *M. Slavin & Sons, Ltd. v. Cirillo*, No. 90-CV-1340 (ERK), 1990 WL 299933, at *3 (E.D.N.Y. May 18, 1990)); *see also*, *e.g.*, *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) ("Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."). Fundamental unfairness is a very high standard and is typically found where "the arbitrators fail to give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Bisnoff v. King*, 154 F. Supp. 2d 630, 637 (S.D.N.Y. 2001) (internal quotes omitted); *Tempo Shain Corp.*, 120 F.3d at 20 (noting that to ensure fundamental fairness "an arbitrator must give each of the parties to the dispute an adequate opportunity to present its evidence and argument.") (internal quotes omitted). As an example, in *Tempo Shain Corp.*, this Court found that an arbitration panel's failure to adjourn an evidentiary hearing where a key witness was unable to testify due to a medical emergency resulted in a fundamentally

unfair proceeding because the witness's testimony was material to the dispute. 120 F.3d at 17-21.

Mr. Kellner has no basis to claim that he was denied a fundamentally fair arbitration. Despite the fact that the Arbitrator was not required to "follow all the niceties observed by the federal courts," she provided a well-reasoned decision on her basis for sustaining Amazon's discovery objections. *Bell Aerospace Co.*, 500 F.2d at 923; SA-78-79. The Arbitrator determined that after Mr. Kellner withdrew most of his document requests, the three remaining requests were burdensome, irrelevant, and/or requested confidential information. *See* SA-78-79; *LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184, 195 (2d Cir. 2013); *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 408 (S.D.N.Y. 2008) ("Arbitrators possess great latitude to . . . restrict or control evidentiary submissions."). This decision was consistent with the Arbitrator's "substantial discretion to admit or exclude evidence" and, therefore, Mr. Kellner was not denied a fundamentally fair proceeding. *Nat'l Football League Mgmt.*, 820 F.3d at 545 (quoting *LJL 33rd St. Assocs., LLC*, 725 F.3d at 194-95); *see also Katz v. Cellco P'ship*, No. 12 CV 9193 (VB), 2018 WL 1891145, at *6 (S.D.N.Y. April 17, 2018) (arbitrator's adverse evidentiary decision falls "comfortably within [the arbitrator's] broad discretion to admit or exclude evidence and raises no questions of fundamental fairness.") (quoting *Nat'l Football League Mgmt.*, 820 F.3d at 546), *aff'g* 756 Fed. Appx. 103

(2d Cir. 2019); *GFI Sec. LLC v. Labandeira*, No. 01 CIV. 00793 (JFK), 2002 WL 460059, at *6 (S.D.N.Y. Mar. 26, 2002) ("An award cannot be set aside [under 9 U.S.C. § 10(a)(3)] because of an arbitrator's refusal to hear . . . irrelevant evidence."). Accordingly, the District Court's denial of Mr. Kellner's Petition to vacate under section 10(a)(3) should also be affirmed.

## B. The Arbitrator's Resolution of Mr. Kellner's Antitrust Claims Does Not Merit Vacatur Under Section 10(a)(4)

Mr. Kellner also argues on appeal that the Arbitration Award must be vacated because the "Arbitrator act[ed] with no jurisdiction whatsoever" because claims under antitrust law "are reserved exclusively to the Federal Court … and simply cannot be decided by an independent arbitrator." Kellner Br. at 2, 5. Amazon construes this to refer to Mr. Kellner's argument before the District Court that the Arbitrator "exceeded [her] powers" in violation of section 10(a)(4) by deciding Mr. Kellner's antitrust claims. SA-ix ¶¶ 13-14. As the District Court acknowledged, this argument "is all the more puzzling because [Mr. Kellner] was the party who raised the antitrust claim in arbitration." A-50 n.3; A-4-5. In any event, Mr. Kellner's argument is contrary to black-letter law. The United States Supreme Court has explicitly held that antitrust claims, including those asserted under the Sherman and Clayton Acts, may be arbitrated. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-640 (1985); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 101 (2012) ("And in *Mitsubishi Motors* we enforced an

arbitration agreement with respect to a cause of action created by a provision of the Clayton Act"); *see also, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (recognizing that antitrust claims "have [been] found to be arbitrable"); *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 175 (2d Cir. 2004) (finding that the Plaintiff's Sherman Act claims were arbitrable); *Jackson v. Home Team Pest Def.*, No. 6:13-cv-916-Orl-22TBS, 2013 WL 6051391, at *8 (M.D. Fla. Nov. 15, 2013) ("claims under Section 4 of the Clayton Act . . . are arbitrable."). Accordingly, the District Court's denial of Mr. Kellner's Petition to vacate under section 10(a)(4) should be similarly affirmed.[15]

### C.  That Mr. Kellner "Suffered Damages and Will Continue to Suffer Financial Damages" is Not a Basis for Vacatur Under the FAA

Mr. Kellner also argues on appeal that he has "suffered and will continue to suffer a gravely [sic] financial loss due to [Amazon's] actions," identifying several hundred thousand dollars of debt incurred by him. Kellner Br. at 7. This argument should be rejected. Mr. Kellner failed to raise this issue in his Petition before the District Court and, therefore, has waived his right to raise the issue on appeal. *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("It is well settled that arguments not presented to the district court are considered

---

[15] Mr. Kellner dedicates a majority of his brief to argue that subject matter jurisdiction cannot be waived. Kellner Br. at 5-9. As the District Court noted, this issue "is not in dispute." A-4 n.2.

waived and generally will not be considered for the first time on appeal."). Moreover, incurring financial losses or indebtedness, particularly where it may be a result of his own egregious acts, is not a valid basis for vacating an arbitration award. As this Court has held, "we will vacate an award only upon finding a violation of one of the four statutory bases, or, more rarely, if we find a panel has acted in manifest disregard of the law." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007); *Vaughn v. Leeds, Morelli & Brown, P.C.*, 315 F. App'x 327, 330 (2d Cir. 2009) (noting that outside of four statutory bases for vacatur under the FAA and the judicially created doctrine of "manifest disregard of the law," this Court has "not recognized any other non-statutory bases for vacatur.") (internal quotes omitted). At best, Mr. Kellner's argument can be characterized as a reiteration of his claim for breach of contract, which was properly rejected by the Arbitrator and Mr. Kellner provides no basis to vacate that decision. *See* A-194-195. Accordingly, this Court should summarily reject this argument.

## II. THE REMAINING PORTIONS OF THE DISTRICT COURT'S JUDGMENT SHOULD BE SUMMARILY AFFIRMED

The District Court also held that the Arbitration Award (i) was not decided in manifest disregard of the law and (ii) should not be modified or corrected under sections 11(a) or 11(b). This Court should affirm. First, Mr. Kellner does not address either holding on appeal and, therefore, has abandoned any objections. *See Chevron v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021) ("Arguments not raised on

appeal are deemed abandoned."); *United States v. Black*, 918 F.3d 243, 256 (2d Cir. 2019) (quoting *United States v. Quiroz*, 22 F.3d 489, 490-91 (2d Cir. 1994) ("'It is well established that an argument not raised on appeal is deemed abandoned, and we will not ordinarily consider such an argument unless manifest injustice otherwise would result.'")). But, even on the merits, as discussed below, the District Court's holdings should be affirmed.

### A. The District Court's Order Finding that the Arbitration Award was Not Issued in Manifest Disregard of the Law Should be Affirmed

The District Court correctly found that the Arbitration Award is consistent with the law. With respect to Mr. Kellner's antitrust claim, the Arbitrator's finding in favor of Amazon was legally sound. Under Rule 34(a) of the AAA Commercial Rules, Mr. Kellner was required to "offer such evidence as is relevant and material to the dispute" to prove his claims. *See* American Arbitration Association, *Commercial Arbitration Rules and Mediation Procedures* (2013), https://adr.org/sites/default/files/Commercial%20Rules.pdf (last visited September 22, 2022); A-192. Mr. Kellner failed to produce any evidence of his antitrust claims, instead resting on conclusory assertions that there is a "mountain of evidence supporting [his] charges," but that the evidence "cannot be submitted physically into the record" due to its "sheer volume." *See* A-192. The Arbitrator was also correct in rejecting Mr. Kellner's argument that the termination of his

Amazon seller accounts was a *per se* violation of antitrust laws. *See Madison 92nd Street Assocs., LLC v. Courtyard Mgm't Corp.*, 624 F. App'x 23, 28 (2d Cir. 2015) ("vertical agreements are usually inappropriate for *per se* treatment, and instead are generally judged under the rule of reason.") (internal quotes omitted). Under the rule of reason, Mr. Kellner failed to demonstrate how terminating his Amazon seller accounts after his consistent and egregious violations of the BSA and the Program Policies was actionable under antitrust laws. Third, the Arbitrator was correct in finding that Mr. Kellner's alleged injury to himself and his business did not constitute an antitrust injury. *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003) ("Where the defendant's conduct harms the plaintiff without adversely affecting competition generally, there is no antitrust injury.").

With respect to Mr. Kellner's breach of contract claim, the Arbitrator's findings were also not in manifest disregard of the law. First, the BSA's provision that "allows either [party] to terminate the agreement for any reason at any time" is enforceable under Washington law and, therefore, the Arbitrator was correct in concluding that Amazon was entitled to terminate its relationship with Mr. Kellner.[16] *See Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1173 (W.D. Wash. 2014), *aff'd.* 691 F. App'x 406 (9th Cir. 2017). Second, Amazon put

---

[16] The BSA provides that the laws of the State of Washington govern the agreement. *See* SA-1-2 ¶ 4; A-15, A-19.

forward sufficient evidence that Mr. Kellner was provided adequate notice of termination through several communications regarding "account suspensions, policy violation warnings, appeals, reinstatements, and continued violations." A-42. Third, the Arbitrator was correct that Mr. Kellner was not entitled to the "lost profits, lost revenues, or lost investments" he sought because section 8 of the BSA limited Amazon's liability for such damages. *See* A-9-10 § 8.

Finally, Mr. Kellner's challenges as to the Arbitrator's evidentiary rulings do not meet the mark as this Court "does not recognize manifest disregard of the evidence as [a] proper ground for vacating an arbitrator's award." *Tully Constr. Co.*, 684 F. App'x at 28 (internal quotes omitted).

### B. The Denial of Mr. Kellner's Petition to Modify or Correct the Arbitration Award Should be Affirmed

The District Court correctly denied Mr. Kellner's Petition to modify or correct the Arbitration Award under sections 11(a) and 11(b). Mr. Kellner argued that the Arbitration Award should be modified or corrected pursuant to sections 11(a) and 11(b) because the Arbitrator "ignored the plain language of the contract between the parties." SA-x ¶ 16. However, neither sections 11(a) nor 11(b) apply to substantive legal errors, such as a disagreement with the reading of the underlying contract.

Section 11(a) permits the modification or correction of an award if there is "an evident material miscalculation of figures" or "an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C.

§ 11(a). As the District Court properly held, Mr. Kellner's argument regarding the Arbitrator's reading of the contract "is not the kind of clerical or typographical error which permits modification of the Award pursuant to Section 11(a)," but instead "involves a substantive central dispute of contract interpretation." A-51 (citing *Gold v. Opera Solutions, LLC*, 16-CV-8121 (JPO), 2017 WL 3267770, at \*3 (S.D.N.Y. Aug. 1, 2017); *Foster Wheel Env't Corp. v. EnergX TN, LLC*, No. 13 Civ. 1178(RA), 2014 WL 982857, at \*5-\*6 (S.D.N.Y. Mar. 13, 2014) (section 11(a) of the FAA "does not authorize a court to modify an arbitration award simply because it believes the arbitrator incorrectly interpreted a contract")).

Section 11(b) allows for modification or correction if the "arbitrators have awarded upon a matter not submitted to them." 9 U.S.C. § 11(b). As the District Court correctly found, Mr. Kellner's breach of contract claim "necessarily involved interpretation of the BSA." A-51, A-4-5. For purposes of section 11(b), "[a] matter is considered 'submitted' where it was 'placed before [the arbitrator] for adjudication under circumstances which afforded the parties adequate notice.'" There can be no doubt that Mr. Kellner "submitted" his breach of contract claim to the Arbitrator. The claim appeared in Mr. Kellner's initial demand (SA-6), his additional statement of demand (SA-56-57), and in his briefs (SA-79-86, SA-106-110). The Arbitrator plainly awarded upon a matter submitted to her when she ruled

in favor of Amazon and denied Mr. Kellner's claim of breach of contract.[17] *Cf. El Navigators, Inc. v. Cargill, Inc.*, 218 F. Supp. 232, 235 (S.D.N.Y. 1963) (holding that a matter was "submitted" for purposes of section 11(b) when "the issue actually decided was the matter submitted to the arbitrators"); *Companhia De Navegacao Maritima Netumar v. Armada Parcel Serv.,* No. 96 Civ. 6441 (PKL), 1997 WL 16663, at *6 (S.D.N.Y. Jan. 17, 1997) (finding that respondent's petition to modify or correct an arbitration award under § 11(b) failed where the questions presented to the arbitrator by the parties were the exact questions addressed by the arbitrator in the final award).

## III.  THE DISTRICT COURT'S CONFIRMATION OF THE ARBITRATION AWARD SHOULD BE AFFIRMED

The Second Circuit has noted that absent a "statutory basis for modification or vacatur" an arbitration award must be confirmed by Section 9 of the FAA.  *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987); *see Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (noting that section 9 of the FAA "unequivocally tells the courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").  For the reasons just stated, there is no ground to vacate, modify, or correct the Arbitration Award.  This Court should therefore affirm the District Court's judgment confirming the Arbitration Award.

---

[17] Out of abundance of caution, the District Court also noted that Mr. Kellner's antitrust claims was necessarily "submitted" to the Arbitrator.  A-51-52, A-4-5.

## **CONCLUSION**

For the foregoing reasons, the judgment of the District Court denying Mr. Kellner's Petition, granting Amazon's Cross-Petition, and confirming the Arbitration Award should be affirmed.

Dated: New York, New York
        October 19, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Geoffrey S. Brounell*
    Geoffrey S. Brounell
    Mohammad B. Pathan

1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
E-mail: geoffreybrounell@dwt.com
       mohammadpathan@dwt.com

*Attorneys for Respondent-Appellee*
*Amazon.com Services LLC, incorrectly*
*sued as "Amazon, Amazon Officers,*
*Directors, Shareholders"*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Second Circuit Local Rule 32.1(a)(4)(A) because it contains 8799 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in the Times New Roman font, size 14.

Dated: New York, New York
         October 19, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:<u>*/s/ Geoffrey S. Brounell*</u>
    Geoffrey S. Brounell
    Mohammad B. Pathan

1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
E-mail: geoffreybrounell@dwt.com
       mohammadpathan@dwt.com

*Attorneys for Respondent-Appellee*
*Amazon.com Services LLC, incorrectly*
*sued as "Amazon, Amazon Officers,*
*Directors, Shareholders"*